FOR THE DISTRICT OF SOUTH CAROLINA
IN THE UNITED STATES DISTRICT COURT
GREENVILLE DIVISION

| | |
|---|---|
| Jane Doe 1, Jane Doe 2, Jane Doe 3, Jane Doe 4, Jane Doe 5, Jane Doe 6, Jane Doe 7, John Doe 1, John Doe 2, and John and Jane Does 1-100,<br><br>               Plaintiffs,<br><br>vs.<br><br>Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Brands Holding Company, Inc.; U.S. All Star Federation; Jeff Webb; Rockstar Cheer & Dance, Inc.; Katherine Anne Foster, as the personal representative of the Estate of Scott Foster; Kathy Foster, individually; Kenny Feeley; Josh Guyton; Nathan Allan Plank; Christopher Hinton; Tracy a/k/a or f/k/a Traevon Black; Peter Holley; and other Unknown Defendants,<br><br>               Defendants. | **C.A. No. 6:22-2957-HMH**<br><br>**OPINION & ORDER** |
| Jane Doe 8,<br><br>               Plaintiff,<br><br>vs.<br><br>Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Brands Holding Company, Inc.; U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation; Jeff Webb, individually; Rockstar Cheer & Dance, Inc.; Katherine Anne Foster, as the personal representative of the Estate of Scott Foster; Kathy Foster, individually; Josh Guyton; Christopher Hinton; Traevon Black a/k/a Trey Black n/k/a Tracey Black; and other unknown defendants,<br><br>               Defendants. | **C.A. No. 6:22-3508-HMH** |

1

| | | |
|---|---|---|
| Jane Doe 9, )<br>  Plaintiff, )<br> )<br>vs. )<br> )<br>Varsity Brands, LLC; Varsity Spirit, LLC; )<br>Varsity Brands Holding Company, Inc.; )<br>Jeff Webb, individually; Rockstar Cheer & )<br>Dance, Inc.; Katherine Anne Foster, as )<br>the personal representative of the Estate of )<br>Scott Foster; Kathy Foster, individually; )<br>Josh Guyton; Traevon Black a/k/a Trey )<br>Black n/k/a Tracey Black; and other )<br>unknown defendants, )<br> )<br>  Defendants. ) | | **C.A. No. 6:22-3509-HMH** |

| | | |
|---|---|---|
| John Doe 3, )<br> )<br>  Plaintiff, )<br> )<br>vs. )<br> )<br>Varsity Brands, LLC; Varsity Spirit, LLC; )<br>Varsity Brands Holding Company, Inc.; )<br>Jeff Webb, individually; Rockstar Cheer & )<br>Dance, Inc.; Katherine Anne Foster, as the )<br>personal representative of the Estate of )<br>Scott Foster; Kathy Foster; Traevon Black )<br>a/k/a Trey Black n/k/a Tracey Black; Jarred )<br>Carruba; and other unknown defendants, )<br> )<br>  Defendants. ) | | **C.A. No. 6:22-3510-HMH** |

Before the court are three motions for judgment on the pleadings and a motion for partial judgment on the pleadings filed by Defendant Katherine Anne Foster, as the personal representative of the Estate of Scott Foster ("the Estate"). For the reasons below, the court grants in part and denies in part the Estate's motions.

2

# I. BACKGROUND

Plaintiffs in these four consolidated actions are former youth cheerleaders who allege that they were sexually abused by coaches employed by Rockstar Cheer & Dance, Inc, a now-closed South Carolina gym that was owned and operated by Kathy Foster and her late husband, Scott Foster. Background on the competitive cheerleading industry and Plaintiffs' allegations of abuse is set forth in the court's earlier orders. Doe 1 v. Varsity Brands, LLC, No. 6:22-2957-HMH, 2023 WL 4088483, at *1-5 (D.S.C. June 20, 2023); Doe 8 v. Varsity Brands, LLC, No. 6:22-3508-HMH, 2023 WL 4088326, at *3 (D.S.C. June 20, 2023); Doe 9 v. Varsity Brands, LLC, No. 6:22-3509-HMH, 2023 WL 4088098, at *3 (D.S.C. June 20, 2023); Doe 3 v. Varsity Brands, LLC, No. 6:22-3510-HMH, 2023 WL 4088327, at *3 (D.S.C. June 20, 2023).

All twelve Plaintiffs assert claims against the Estate for gross negligence, negligent supervision, assault/battery, civil conspiracy, and for violations of the Child Abuse Victims' Rights Act of 1986 ("CAVRA"), 18 U.S.C. § 2255; the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (d); and the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-20.

On September 29, 2023, the Estate filed the instant motions, seeking dismissal of the CAVRA claims asserted by eleven of the Plaintiffs, the assault and battery claims asserted by nine of the Plaintiffs, and the RICO, SCUTPA, gross negligence, negligent supervision, and civil conspiracy claims asserted by all Plaintiffs.[1] (Estate Mot. J. Pleadings, ECF No. 296 (2957 case); ECF No. 213 (3508 case); ECF No. 196 (3509 case); ECF No. 205 (3510 case).) Plaintiffs responded in opposition on October 13, 2023. (Resp. Opp'n Estate Mot. J. Pleadings, ECF No.

---

[1] The Estate did not move for judgment on the pleadings on John Doe 1's CAVRA claim or the assault and battery claims asserted by John Doe 1, Jane Doe 2, and Jane Doe 4.

3

299 (2957 case); ECF No. 216 (3508 case); ECF No. 199 (3509 case); ECF No. 208 (3510 case).) The Estate filed its replies on October 20, 2023. (Estate Reply, ECF No. 301 (2957 case); ECF No. 217 (3508 case); ECF No. 200 (3509 case); ECF No. 210 (3510 case).) These motions are now ripe for review.

## II. Legal Standard

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). The court assesses a motion for judgment on the pleadings "under the same standards as a motion to dismiss under Rule 12(b)(6)." Columbia v. Haley, 738 F.3d 107, 115 (4th Cir. 2013).

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "'[D]etailed factual allegations'" are not required, but the plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555). In reviewing the complaint, the court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." Rockville Cars, LLC v. City of Rockville, 891 F.3d 141, 145 (4th Cir. 2018).

4

### III. DISCUSSION

As an initial matter, Plaintiffs have consented to the dismissal of their RICO, SCUTPA, and civil conspiracy claims against the Estate. (Resp. Opp'n Estate Mot. J. Pleadings 9 n.3, ECF No. 299 (2957 case)); (Resp. Opp'n Estate Mot. J. Pleadings 6 n.2, ECF No. 216 (3508 case)); (Resp. Opp'n Estate Mot. J. Pleadings 7 n.3, ECF No. 199 (3509 case)); (Resp. Opp'n Estate Mot. J. Pleadings 6 n.2, ECF No. 208 (3510 case).) Accordingly, these claims are dismissed without prejudice. The court will address Plaintiffs' remaining claims against the Estate in turn below.

### A. CAVRA Claims Under 18 U.S.C. § 2255

Section 2255 provides a private cause of action for "[a]ny person who, while a minor, was a victim of a violation of [18 U.S.C. §§] 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 . . . and who suffers personal injury as a result of such violation . . . ." 18 U.S.C. § 2255(a). Plaintiffs address only three of these statutes in opposing the Estate's motions: §§ 1591(a)(2), 2422(a), and 2423(a).

Section 1591(a) reads in relevant part:

Whoever knowingly—

>   (1) in or affecting interstate or foreign commerce, . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
>
>   (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or . . . in reckless disregard of the fact, that means of force, threats of force, fraud, coercion . . . , or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished . . . .

18 U.S.C. § 1591(a).

The second statute, § 2422(a), makes it illegal to "knowingly persuade[], induce[], entice[], or coerce[] any individual to travel in interstate . . . commerce . . . to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempt[] to do so."  18 U.S.C. § 2422(a).  Finally, § 2423(a) criminalizes "knowingly transport[ing] an individual who has not attained the age of 18 years in interstate . . . commerce . . . with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense."  18 U.S.C. § 2423(a).

Before turning to the substance of Plaintiffs' allegations, the court addresses two preliminary issues.  First, no Plaintiff may rely on § 1591 as a predicate offense because that statute is not referenced in the four complaints.[2]  See, e.g., Equity in Athletics, Inc. v. Dep't of Educ., 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) ("[N]ew legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs."); K.D. ex rel. Duncan v. White Plains Sch. Dist., 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013) ("Plaintiffs cannot amend their complaint by asserting new . . . theories for the first time in opposition to Defendants' motion to

---

[2] Even if the court were to consider this new ground for relief, Plaintiffs have not sufficiently alleged how Scott Foster violated § 1591.  For one thing, Plaintiffs have failed to allege the occurrence of a "commercial sex act," which is defined as "any sex act, on account of which anything of value is given to or received by any person."  18 U.S.C. § 1591(e)(3).  Although this term has been interpreted broadly, see, e.g., Eckhart v. Fox News Network, LLC, No. 20-CV-5593 (RA), 2021 WL 4124616, at *9 (S.D.N.Y. Sept. 9, 2021) (unpublished) (collecting cases for the proposition that promises of career advancement qualify as "thing[s] of value"), there are no allegations that the alleged sex acts in these cases were causally connected to the exchange of something of value, see Doe v. Fitzgerald, No. CV 20-10713-MWF (RAOx), 2022 WL 425016, at *6 (C.D. Cal. Jan. 6, 2022) (unpublished) (rejecting argument "that 'sexual gratification' alone is a 'thing of value' under the definition of a 'commercial sex act'"); Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc., No. 10-CV-4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) (unpublished) (holding that the sexual abuse of plaintiffs who had been forced to become the "spiritual wives" of a church leader did not amount to commercial sex acts because there was "no evidence of a causal relationship between the sex acts and the payment of [plaintiffs' living] expenses").

dismiss."); Anderson v. Aset Corp., 329 F. Supp. 2d 380, 383 (W.D.N.Y. 2004) ("[A] memorandum of law is not a proper vehicle for rewriting or amending the complaint."); Williams v. Spencer, 883 F. Supp. 2d 165, 181 n.8 (D.D.C. 2012) ("Where the amended complaint does not make a claim, plaintiff cannot add a new claim through an opposition brief."). Second, two Plaintiffs – Jane Does 4 and 6 – cannot bring a CAVRA claim at all because both were over eighteen years old when the alleged abuse occurred. (2957 Am. Compl. ¶¶ 282, 306, ECF No. 8); 18 U.S.C. § 2256(1) (defining "minor" as "any person under the age of eighteen years").

Moving to the merits, John Does 2 and 3 and Jane Does 5, 7, and 8 have not sufficiently alleged a § 2422(a) or § 2423(a) violation because, on the facts alleged, these Plaintiffs were not subjected to illegal sexual conduct after crossing state lines. (2957 Am. Compl. ¶¶ 228-43, 299-305, 317-38, ECF No. 8) (describing alleged sexual abuse and illegal sexual activity that took place wholly in South Carolina); (3508 Compl. ¶¶ 214-29, ECF No. 1) (same); (3510 Compl. ¶¶ 209-22, ECF No. 1) (same); see United States v. Powell, No. 04 CR 885, 2006 WL 1155947, at *2 (N.D. Ill. Apr. 28, 2006) (unpublished) (observing that both §§ 2422(a) and 2423(a) "require travel across state lines").

Jane Doe 9 likewise has not stated a plausible violation of §§ 2422(a) or 2423(a). She alleges that Defendant Josh Guyton sexually assaulted her while at a cheer competition in Florida in 2017. (3509 Compl. ¶¶ 223-24, ECF No. 1.) Her complaint, though, contains no allegations that Scott Foster persuaded, induced, enticed, or coerced her or Guyton to travel to the competition (as is required under § 2422(a)) or that Foster played a part in transporting her across state lines (as is required under § 2423(a)).

This leaves Jane Does 1, 2, and 3.  According to her complaint, Jane Doe 1 traveled with Scott and Kathy Foster to visit the University of Louisville the day before one cheer competition after Scott Foster had offered "to use his connections to facilitate her recruitment."  (2957 Am. Compl. ¶¶ 247-48, ECF No. 8.)  Upon arriving at the team hotel, Jane Doe 1 realized she had forgotten to pack a toothbrush, so she called Scott Foster, who brought one to her room.  (Id. ¶ 249, ECF No. 8.)  Jane Doe 1, who was seventeen at the time, claims that Scott Foster then "entered her room," "[sat] on her bed," and "[came] onto [her]."  (Id. ¶ 249, ECF No. 8.)

Jane Doe 2 began competing for Rockstar Cheer in 2019 while commuting from her home in North Carolina.  (Id. ¶¶ 255, ECF No. 8.)  During one of her first practices, Scott Foster allegedly "complimented [sixteen-year-old Jane Doe 2] on her looks" and "touch[ed] her inappropriately."  (Id. ¶ 254, 256, ECF No. 8.)

Jane Doe 3 claims that Scott Foster once arranged for her to share a hotel room with multiple people, including Defendant Kenny Feeley, an adult coach.  (2957 Am. Compl. ¶¶ 270-272, ECF No. 8.)  At some point during the trip, she alleges, Feeley climbed into her bed, "groped and fondled her, and digitally penetrated her."  (Id. ¶ 272, ECF No. 8.)  Jane Doe 3 was sixteen years old at the time.  (Id. ¶ 272, ECF No. 8.)

The court recognizes that these allegations are somewhat sparse and that they fail to identify the underlying statutes believed to have been violated.[3]  Even so, the court finds that the alleged facts, taken as true, give rise to a plausible inference that Scott Foster violated §§ 2422(a)

---

[3] The phrase "any sexual activity for which any person can be charged with a criminal offense" in §§ 2422(a) and 2423(a) requires that a plaintiff "show that the [intended] sexual activity . . . violated [or would have violated] some other statute."  United States v. Morgan, 45 F.4th 192, 210 (D.C. Cir. 2022) (quoting United States v. Ray, 831 F.3d 431, 434 (7th Cir. 2016)).

and 2423(a) as to Jane Doe 1, § 2422(a) as to Jane Doe 2, and § 2423(a) as to Jane Doe 3.  Iqbal, 556 U.S. at 678.

### B. Gross Negligence

A negligence claim consists of three elements: "(1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach."  Carolina Chloride, Inc. v. Richland Cnty., 714 S.E.2d 869, 873 (S.C. 2011) (quoting Tanner v. Florence Cnty. Treasurer, 521 S.E.2d 153, 158 (S.C. 1999)).  "If any of these elements is absent a negligence claim is not stated."  Summers v. Harrison Constr., 381 S.E.2d 493, 495 (S.C. Ct. App. 1989).

"Gross negligence is the intentional conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do."  Etheredge v. Richland Sch. Dist. One, 534 S.E.2d 275, 277 (S.C. 2000).  In other words, "[i]t is the failure to exercise slight care."  Id.  "In most cases, gross negligence is a factually controlled concept whose determination best rests with the jury."  Faile v. S.C. Dep't of Juv. Just., 566 S.E.2d 536, 545 (S.C. 2002).  But "when the evidence supports but one reasonable inference, the question becomes a matter of law for the court."  Etheredge, 534 S.E.2d at 277.

In moving for judgment on the pleadings, the Estate argues, in conclusory fashion, that Plaintiffs "have failed to identify the legal duty Scott Foster allegedly owed to them, failed to state how Scott Foster breached that duty, and failed to allege how such alleged breach proximately caused their injuries." (Estate's Mem. Supp. Mot. J. Pleadings 10, ECF No. 296-1 (2957 case).)  With respect to the Plaintiffs who allege they were harmed by third parties (John Does 2 and 3 and Jane Does 3, 5, 7, 8, and 9), the court disagrees.

To begin, these Plaintiffs have sufficiently alleged that Scott Foster owed them a duty of care to protect them from foreseeable harm. Although "there is no general duty to control the conduct of another or to warn a third person or potential victim of danger" under South Carolina law, there is an exception "where the defendant negligently or intentionally creates the risk." Madison ex rel. Bryant v. Babcock Ctr., Inc., 638 S.E.2d 650, 656 (S.C. 2006). For instance, in Edwards v. Lexington County Sheriff's Department, the South Carolina Supreme Court imposed a duty of care on a county and its sheriff's department after a domestic violence victim was attacked by her ex-boyfriend at a bond revocation hearing. 688 S.E.2d 125, 129-30 (S.C. 2010). A prosecutor employed by the sheriff's office had been "well aware of [the ex-boyfriend's] violent tendencies toward [the victim]" yet arranged for the hearing to take place at a magistrate's office without security and "strongly encouraged" the victim's presence despite her reluctance. Id. at 130. At the conclusion of the hearing, the ex-boyfriend rose from his seat, struck the prosecutor twice, and then pinned the victim against the wall, striking her at least three times. Id. at 128.

Here, much like the prosecutor in Edwards, Scott Foster is alleged to have created the environment that allowed Rockstar Cheer coaches to prey on minor athletes. The complaints are replete with allegations that he regularly consumed alcohol with underage athletes, (2957 Am. Compl. ¶¶ 149, 222, 257-60, 278-79, 288-89, 296-97, 318, ECF No. 8), maintained a residence where Rockstar Cheer coaches "host[ed] parties, d[id] drugs, and dr[a]nk alcohol with the minor athletes," (Id. ¶¶ 150, 234-37, ECF No. 8); (3509 Compl. ¶¶ 217-222, ECF No. 1), ignored evidence of sexual misconduct by coaches, (2957 Am. Compl. ¶¶ 240, 276-77, 335, ECF No. 8); (3508 Compl. ¶ 229, ECF No. 1); (3510 Compl. ¶¶ 215, 217, ECF No. 1), and even helped facilitate assaults, (2957 Am. Compl. ¶¶ 270-74, ECF No. 8) (describing how Scott Foster

10

assigned Jane Doe 3 to stay in the same hotel room as Feeley and later arranged for her to receive instruction from Feeley in a one-on-one setting). Taken together, these allegations are sufficient to establish a duty based on the "creation of the risk" exception. See Edwards, 688 S.E.2d at 130 (finding a duty where the county and sheriff's office "created a situation that they knew or should have known posed a substantial risk of injury to [the victim]"). In addition, these Plaintiffs have plausibly alleged that Scott Foster breached his duty of care and that his negligence was the proximate cause of their injuries. See Singletary v. S.C. Dep't of Educ., 447 S.E.2d 231, 233 (S.C. Ct. App. 1994) ("The breach of a duty of due care is ordinarily a question of fact."); Bailey v. Segars, 550 S.E.2d 910, 914 (S.C. Ct. App. 2001) ("Ordinarily, the question of proximate cause is one of fact for the jury.").

With respect to John Doe 1 and Jane Does 1, 2, 4, and 6, however, the court reaches a different conclusion. These Plaintiffs allege intentional wrongdoing on the part of Scott Foster. As a result, their claims against the Estate fall outside the realm of negligence and must be dismissed. See State Farm Fire & Cas. Co. v. Barrett, 530 S.E.2d 132, 137 (S.C. Ct. App. 2000) (recognizing that an intentional tort "cannot be committed in a negligent manner"); Restatement (Second) of Torts § 282 cmt. d ("The definition of negligence . . . . excludes conduct which creates liability because of the actor's intention to invade a legally protected interest of the person injured[.]"); Dan B. Dobbs et al., The Law of Torts § 31 (2d ed. May 2023 update) ("Any given act may be intentional or it may be negligent, but it cannot be both. Intent and negligence are regarded as mutually exclusive grounds for liability.").

### C. Negligent Supervision

Under South Carolina law,

> an employer may be liable for negligent supervision if the employee intentionally harms another when the employee: (1) is upon the premises of the employer, or is

11

>   using a chattel of the employer, (2) the employer knows or has reason to know that he has the ability to control his employee, and (3) the employer knows or should know of the necessity and opportunity for exercising such control.

Charleston, S.C. Registry for Golf & Tourism, Inc. v. Young Clement Rivers & Tisdale, LLP, 598 S.E.2d 717, 722-23 (S.C. Ct. App. 2004) (citing Degenhart v. Knights of Columbus, 420 S.E.2d 495, 496 (S.C. 1992)); see also Restatement (Second) of Torts § 317.

John Does 2 and 3 and Jane Does 3, 5, 7, 8, and 9 seek to hold the Estate liable for Scott Foster's negligent supervision of the coaches who purportedly harmed them. The claims asserted by John Doe 2 and Jane Does 3, 5, 7, 8, and 9 fail at the outset, however, because their alleged abusers were not employed by Scott Foster. As this court has previously explained, "[a] claim for negligent supervision is necessarily predicated on the existence of an employment relationship." Doe 1, 2023 WL 4088483, at *15; Degenhart, 420 S.E.2d at 496 ("An *employer* may be liable for negligent supervision if the *employee* . . . ." (emphasis added)). "And in the absence of special circumstances it is the corporation, not its owner or officer, who is the principal or employer . . . ." Meyer v. Holley, 537 U.S. 280, 286 (2003). Indeed, Plaintiffs concede in their pleadings that Defendants Black, Holley, Feeley, Guyton, Plank, and Hinton were merely "proteges" of Scott Foster and were actually employed by Rockstar Cheer or another gym, Carolina All-Stars. (2957 Am. Compl. ¶¶ 23-28, ECF No. 8.)

As for John Doe 3's claim, judgment on the pleadings is proper because there are no allegations that his alleged abusers "harmed [him] while utilizing the premises or chattel of [Scott Foster]." Degenhart, 420 S.E.2d at 497.

Finally, the negligent supervision claims brought by the remaining Plaintiffs against the Estate fail because Scott Foster could not have been negligent in supervising himself.

### D. Assault and Battery[4]

Under South Carolina law, an assault occurs when a defendant's conduct places another "in reasonable fear of bodily harm," whereas a battery is "the actual infliction of any unlawful, unauthorized violence on the person of another." Jones v. Winn-Dixie Greenville, 456 S.E.2d 429, 432 (S.C. Ct. App. 1995).

The Estate moves for judgment on the pleadings on the assault and battery claims asserted by nine of the Plaintiffs – John Does 2 and 3 and Jane Does 1, 3, 5, 6, 7, 8, and 9. With respect to Jane Doe 1's and Jane Doe 6's claims, the Estate contends that judgment on the pleadings is proper because neither Plaintiff has plausibly alleged that Scott Foster committed a harmful or offensive touching. (Estate's Mem. Supp. Mot. J. Pleadings 13-14, ECF No. 296-1 (2957 case).) The court rejects this argument, however, because it raises questions of fact inappropriate for resolution at this juncture.

Next, the Estate submits that the claims asserted by John Does 2 and 3 and Jane Does 3, 5, 7, 8, and 9 fail because it cannot be held liable under a respondeat superior theory for the alleged assaults and batteries committed by individuals other than Scott Foster. (Id. 15, ECF No. 296-1 (2957 case)); (Estate's Mem. Supp. Mot. J. Pleadings 9, ECF No. 213-1 (3508 case)); (Estate's Mem. Supp. Mot. J. Pleadings 9, ECF No. 196-1 (3509 case)); (Estate's Mem. Supp. Mot. J. Pleadings 9, ECF No. 205-1 (3510 case).) On this argument, the court agrees. Even assuming an employment relationship existed between Scott Foster and the alleged abusers, judgment on the pleadings is appropriate because "sexual assaults fail to give rise to vicarious liability" under South Carolina law. Lee v. Dorsey, No. 3:21-4137-MGL, 2023 WL 4013498, at

---

[4] Plaintiffs assert claims for "assault/battery" in the same count, but as the court has previously noted, assault and battery are two distinct torts under South Carolina law.

*3 (D.S.C. June 15, 2023) (unpublished); Doe 1 v. Varsity Brands, LLC, Nos. 6:22-2957-HMH, 6:22-3508-HMH, 6:22-3509-HMH, 6:22-3510-HMH, 2023 WL 5901256, at *4 (D.S.C. Sept. 11, 2023) (unpublished) (observing that "South Carolina state courts and courts within the District of South Carolina have uniformly held that an employee's sexual misconduct falls outside the scope of employment" and collecting cases).

## IV. CONCLUSION

Plaintiffs consent to the dismissal of their RICO, SCUTPA, and civil conspiracy claims against the Estate. These claims are dismissed without prejudice. On the merits, the court **DENIES** the Estate's motions as to the CAVRA claims asserted by Jane Does 1, 2, and 3; the gross negligence claims asserted by John Does 2 and 3 and Jane Does 3, 5, 7, 8, and 9; and the assault and battery claims asserted by Jane Does 1 and 6. In all other respects, the motions are **GRANTED**.

It is therefore

**ORDERED** that the Estate's motion for partial judgment on the pleadings, docket number 296 (2957 case), and its motions for judgment on the pleadings, docket numbers 213 (3508 case), 196 (3509 case), and 205 (3510 case), are granted in part and denied in part.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
November 2, 2023